NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PENG LIN,<br><br>          Petitioner,<br><br>     v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>          Respondent. | No.   17-70361<br><br>Agency No. A087-834-064<br><br>MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018[**]

Before:     SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Peng Lin, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

          [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

          [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in Lin's testimony as to the number of times Lin reported to the police following his detention and the date Lin's parents began practicing Christianity, a negative demeanor finding, and Lin's failure to provide reasonably available corroborating evidence. *See id*. at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Huang v. Holder*, 744 F.3d 1149, 1153-55 (9th Cir. 2014) (giving deference to the IJ's demeanor assessment and citing the lack of corroborating evidence as a basis for the adverse credibility determination). Lin's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Lin's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Lin's CAT claim fails because it is based on the same testimony the agency found not credible, and Lin does not point to any other evidence in the record that

2                                                                                          17-70361

compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government of China.  *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**

17-70361